**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. NO. 06-543ML** |
| | : | |
| **ONE LOT OF NINE THOUSAND NINETY FOUR** | : | |
| **DOLLARS ($9,094) IN U.S. CURRENCY AND** | : | |
| **ONE LOT OF ONE THOUSAND DOLLARS** | : | |
| **($1,000) IN U.S. CURRENCY** | : | |

**TANISHA L. MILLER'S OBJECTION TO THE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT OR, IN THE ALTERNATIVE, MOTION TO SET ASIDE THE DEFAULT**

Now comes Tanisha L. Miller, by and through her attorney, Kevin J. Bristow, and hereby objects to the request of the Plaintiff for an Entry of Default as to Ms. Miller. In the alternative, if a default has been entered, Ms. Miller moves to set aside the default for good cause shown. It is respectfully submitted that Ms. Miller's failure to file a claim and answer in the above-referenced matter was the result of inadvertence and excusable neglect by the undersigned and that a default should not be entered (or should be set aside).

In support of her position, Ms. Miller relies upon the attached Memorandum of Law.

Respectfully submitted,
TANISHA L. MILLER
By her attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, R.I. Bar Reg. No. 3984
505 Turks Head Building
Providence, R.I. 02903
401-521-2800
401-521-2812 (Fax)

Dated: February 26, 2007

## Certification

I certify that on February 27, 2007 I caused a true copy of this Objection to be sent via electronic filing (CM/ECF) to the following:

**Assistant U.S. Attorney Michael P. Iannotti**
michael.iannotti@usdoj.gov

/s/ Kevin J. Bristow

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. NO. 06-543ML** |
| | : | |
| **ONE LOT OF NINE THOUSAND NINETY FOUR DOLLARS ($9,094) IN U.S. CURRENCY AND ONE LOT OF ONE THOUSAND DOLLARS ($1,000) IN U.S. CURRENCY** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF TANISHA L. MILLER TO THE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT OR, IN THE ALTERNATIVE, TO SET ASIDE THE DEFAULT**

Now comes Tanisha L. Miller, by and through her attorney, Kevin J. Bristow, and hereby submits this Memorandum of Law in support of her objection to the request of the Plaintiff for an Entry of Default as to Ms. Miller or, if default has already been entered, to set aside the default. It is respectfully submitted that Ms. Miller's failure to file a claim in the above-referenced matter and to answer the Complaint was the result of inadvertence and excusable neglect by the undersigned and that a default should not be entered. If default has been entered by this Court, it is requested that the default be set aside for good cause shown.

**Request for Entry of Default**

It should be noted that in the instant case, the Government has made a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Pursuant to Rule 55(a), a court may set aside an entry of default "for good cause". The standard for setting aside a default is a liberal one, and the court may consider factors such as "'whether (1)

the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.' Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir. 1980)." United States v. $23,000 in United States Currency, 356 F.3d 157, 164 (1st Cir. 2004).

There is good cause to set aside the default if one has been entered by the clerk, or to deny the request of the Government for a default in this matter. There was no willful refusal of Ms. Miller to respond to the Complaint of the Government. Indeed, Ms. Miller has already submitted a sworn affidavit to the Government during the administrative claims process; she has no reason to abandon her claim at this time. Instead, it was the undersigned's office that failed to make note of the deadlines in this matter. Such inadvertence and neglect should not be attributed to Ms. Miller. In addition, there is no prejudice to the Government by permitting the late filing of Ms. Miller's verified statement and answer in this matter. The Government has had control of the assets that are the subject of this forfeiture action and have not been harmed in any way by the late pleading. Finally, Ms. Miller does have a meritorious claim to the currency that is the subject of this matter. The claim of Ms. Miller, filed herewith, demonstrates her interest in the assets, as well as the lack of any evidence that would constitute a basis for forfeiture.

**Conclusion**

For all of the foregoing reasons, it is respectfully requested that the Court deny the request of the Government for an entry of default as to Ms. Miller. In the event that

the Court has already entered a default, it is respectfully requested that the Court set aside the default for good cause shown.

Respectfully submitted,
TANISHA L. MILLER
By her attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, R.I. Bar Reg. No. 3984
505 Turks Head Building
Providence, R.I. 02903
401-521-2800
401-521-2812 (Fax)

Dated: February 26, 2007

**Certification**

I certify that on February 27, 2007 I caused a true copy of this Memorandum to be sent via electronic filing (CM/ECF) to the following:

**Assistant U.S. Attorney Michael P. Iannotti**
michael.iannotti@usdoj.gov

/s/ Kevin J. Bristow