IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE LOT OF NINE THOUSAND NINETY FOUR DOLLARS ($9,094) IN U.S. CURRENCY AND ONE LOT OF ONE THOUSAND DOLLARS ($1,000) IN U.S. CURRENCY,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-543ML |

**PLAINTIFF’S OBJECTION TO**
**TANISHA L. MILLER’S MOTION TO SET ASIDE DEFAULT**

Now comes the plaintiff, the United States of America, by and through its attorneys, and objects to Tanisha L. Miller’s Motion to Set Aside Default for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007, I electronically filed the within Objection to Tanisha L. Miller's Motion to Set Aside Default and supporting memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following attorney has been notified electronically:

Kevin J. Bristow, Esq.
505 Turks Head Building
Providence, RI 02903
KJBristowlaw@verizon.net

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE LOT OF NINE THOUSAND NINETY FOUR DOLLARS ($9,094) IN U.S. CURRENCY AND ONE LOT OF ONE THOUSAND DOLLARS ($1,000) IN U.S. CURRENCY,<br>Defendant | ) | C.A. No. 06-543ML |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO**
**TANISHA L. MILLER'S MOTION TO SET ASIDE DEFAULT**

*Travel*

This action was commenced on December 14, 2006, with the filing of a Complaint for Forfeiture In Rem against the defendant currency which had been seized by Rhode island State Police officers on May 25, 2006. On December 21, 2006,a Notice of Forfeiture, Complaint and Warrant of Arrest *In Rem* were sent by certified mail, return receipt requested, to Rodrick Spears' and Tanisha L. Miller's attorney, Kevin Bristow, Esq., 505 Turks Head Building Providence, RI 02903, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On February 23, 2007, with no claims or answers having been filed with the court within 35 days of the mailing of the notice to the potential claimants' counsel, as is required by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime and

Asset Forfeiture Claims, the plaintiff requested that the defaults of Tanisha L. Miller and Rodrick Spears be entered. Copies of both of the Requests for Entry of Default were sent to their counsel, Kevin Bristow, Esq. as is indicated by the Certificate of Service accompanying the Requests. The defaults of both Tanisha L. Miller and Rodrick Spears were entered on February 26, 2007.

On February 27, 2007, Miller and Spears filed objections to the entry of the defaults and, in the alternative, motions to vacate the defaults. On the same date, Miller also filed a verified claim and on the next day, February 28, 2007, filed an answer to the complaint.

*Law*

Pursuant to Fed.R.Civ.P. 55(c), a court may set aside an entry of default for "good cause shown." Although this standard is a liberal one, United States v. $23,000, 356 F.3d 157, 164 (1st Cir. 2004), requiring only an examination of whether the default was willful, prejudicial to the plaintiff, and whether there is a meritorious defense, some "cause" must be shown.

Miller states that her failure to file a claim was due to the inadvertence and neglect of her counsel who "failed to make note of the deadlines in this matter." The failure of an attorney to answer a case, however, is imputed to the claimant. United States v. 1979 30-Foot Sea Ray, 2000 WL 1889676 (N.D.Ill.

2000). No reason, other than the failure of counsel to "make note of the deadlines in this matter", has been given for the failure of Miller and Spears to file a timely claim and answer in the within forfeiture action. While such a reason alone may constitute neglect, in the absence of any further explanation for the failure to make note of the deadlines, such neglect does not constitute "good cause".

Likewise, the fact that a claim was filed in the administrative process is not a proper reason for the failure to file a claim here. The claim filed in an administrative forfeiture is no substitute for the claim that must be filed in a civil judicial forfeiture case. In United States v. $23,000 at 165-166 (1st Cir. 2004), the court held that although administrative and judicial claims contain essentially the same information, they serve distinct purposes. A verified claim in a civil judicial case is not a mere procedural requirement, it forces claimants to assert an ownership interest under oath, thus, deterring false claims. Id. at 165-166. See also, United States v. $31,852.38 In U.S. Currency, 183 Fed. Appx., 237, 241(3d Cir. 2006); United States v. 35 Firearms, 123 Fed. Appx. 204, 206-207 (6th Cir. 2005).

Finally, in both her administrative claim and her belatedly filed judicial claim, Miller has failed to set forth any explanation as to the source of the currency that was found

secreted in an armoire in her apartment and in the wallet and pants pocket of Spears who apparently flushed the drugs down the toilet as the officers executing the warrant entered the apartment. Miller merely states that no criminal charges were brought against her or against Spears. Miller has, therefore, failed to set forth any meritorious defense to this forfeiture action and, thus, has failed to demonstrate good cause for her failure to timely file a verified claim to the defendant currency.

*Conclusion*

For these reasons, the motion of Tanisha L. Miller to set aside the default entered by the clerk on February 26, 2007, should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov